UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ground Penetrating Radar Systems, LLC,            Case No. 3:23-cv-1919

        Plaintiff,

   v.                                                         MEMORANDUM OPINION
                                                                                       AND ORDER

GPRS Holdings, LLC, *et al*,

        Defendants.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Ground Penetrating Radar Systems, LLC, filed suit against Defendants GPRS Holdings, LLC, and Ground Penetrating Radar Services, LLC, asserting claims for trademark infringement, unfair competition, and deceptive trade practices. (Doc. No. 1). Plaintiff executed service on Defendants by certified mail on November 9, 2023. (Doc. Nos. 6 and 7). When Defendants did not file an answer within 21 days of being served with the summons and complaint as required by Rule 12(a)(1)(A), Plaintiff filed an application for entry of default pursuant to Rule 55. (Doc. No. 8). The Clerk of Court filed an entry of default against Defendants on December 5, 2023. (Doc. No. 9).

On December 19, 2023, Defendants filed a motion for relief from judgment, contending they "have a meritorious defense [to Plaintiff's claims], Plaintiff[] will not be prejudiced, and the failure to timely answer was not willful." (Doc. No. 13). Plaintiff opposed the motion, (Doc. No.

14), and Defendants filed a brief in reply. (Doc. No. 15). For the reasons stated below, I grant Defendants' motion.

## II.  STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55 permits a court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). There are "three equitable factors" courts consider in determining whether a defendant was established good cause to set aside an entry of default: "'(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)) (further citation omitted). Because "[t]rials on the merits are favored in the federal courts," *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990), the court should construe "all ambiguous or disputed facts in the light most favorable to the defendant." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citation and internal quotation marks omitted).

## III.  ANALYSIS

Defendants argue I should set aside the entry of default because their failure to file a timely answer was an honest mistake, they have a meritorious defense to Plaintiff's claims, and Plaintiff will not be prejudiced if the litigation continues. (Doc. No. 13).

First, Defendants represent that their failure to file an answer within 21 days of service was the result of mistakes in handling the certified mailing and did not constitute culpable conduct. Tara Butler is Defendants' Chief Administrative Officer and the individual responsible for reviewing mail sent to the defendant-entities. (Doc. No. 13-1 at 1). On November 4, 2023, Butler began a month-long vacation to get married and take a honeymoon. (*Id.* at 2).

2

A few days later, Defendants received the summons and complaint via certified mail. (*Id.*). The secretarial personnel handling the mail in Butler's absence did not recognize the significance of the certified mail and left it on Butler's desk until she returned. (*Id.*). Butler attests that, when she returned to work on December 4, 2023, she discovered the certified mail and immediately contacted her "superiors and . . . counsel." (*Id.*).

Plaintiff contends Defendants' failure to have "a backup system in place" to handle mail in Butler's absence "constitutes willful, reckless conduct" that forecloses relief under Rule 55(c). (Doc. No. 14 at 7). But as Defendants note, the United States Court of Appeals for the Sixth Circuit has held that for conduct "'[t]o be treated as culpable, the . . . defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 841 (6th Cir. 2011) (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)). *See also INVST Fin. Grp.*, 815 F.2d at 399. Butler's affidavit does not establish either of those conditions is true.

Moreover, Plaintiff has not pointed to any evidence that Defendants did not have "a backup system in place." (Doc. No. 14 at 7). Butler averred that "[s]ecretarial personnel did not open the mail or recognize its significance, and instead, left the package on my desk." (Doc. No.13-1 at 2). This statement suggests Defendants <u>did</u> have a backup system in place, but that system broke down. The fact that Butler did not identify the name of the person who failed to recognize the significance of the certified mail is not evidence that Defendants acted with the requisite degree of culpability.

Next, Defendants contend they have meritorious defenses to Plaintiff's claims. They assert there is no likelihood of confusion as required for a trademark infringement claim or a deceptive-trade-practices claim, and no attempt to deceive the public as required for an unfair competition claim, because they do not offer the same services as Plaintiff. (Doc. No. 13 at 6-7). Plaintiff argues

3

these defenses are not meritorious because they are not supported by the facts underlying this litigation. (Doc. No. 14 at 7-10).

Plaintiff's arguments are not persuasive. The applicable test is not whether Defendants' proffered defenses might carry the day. "In determining whether a defaulted defendant has a meritorious defense[,] [l]ikelihood of success is not the measure. Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (citations and internal quotation marks omitted) (second alteration in *United Coin*). Plaintiff did not cite to any case in which a court has held that the defenses Defendants advanced are not "good at law." Therefore, I conclude Defendants have satisfied the second element of the good-cause inquiry.

Finally, Defendants assert Plaintiff will not suffer any prejudice if their default is set aside. (Doc. No. 13 at 8-9). Plaintiff disagrees, contending it will continue to suffer harm from Defendants' conduct if the default is not enforced and that it "will continue to be prejudiced with unnecessary administrative and legal costs" in this litigation. (Doc. No. 14 at 11).

Plaintiff again fails to contend with the standard that applies to this element of the good-cause inquiry. It is well-established within this Circuit that "prejudice" in this context means "the loss of evidence, . . . increased difficulties of discovery, or . . . greater opportunity for fraud and collusion." *INVST Fin. Grp.*, 815 F.2d at 398 (citations and quotation marks omitted). Plaintiff has not demonstrated that any of these things are true in this case. Therefore, I conclude Defendants have satisfied the third element of the good-cause inquiry.

4

## IV. CONCLUSION

For the reasons stated above, I conclude Defendants have established good cause to set aside the entry of default and I grant their motion. (Doc. No. 13). Defendants shall file their answer or other response to the Complaint within 21 days of the date of this Memorandum Opinion and Order.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge