UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ground Penetrating Radar Systems, LLC,　　　　　　　　Case No. 3:23-cv-1919

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　　　　　　　　AND ORDER

GPRS Holdings, LLC, *et al.*,

　　　　　Defendants.

## I.　INTRODUCTION AND BACKGROUND

Plaintiff Ground Penetrating Radar Systems, LLC, is a Delaware limited liability company that "offers a wide variety of contracting, engineering[,] and project management services, specializing in the detection of underground utilities, video pipe inspection, and scanning of concrete structures" from its principal place of business in Ohio. (Doc. No. 1 at 1). Plaintiff alleges it holds trademarks for "GROUND PENETRATING RADAR SYSTEMS and GPRS®," and that it has used those marks since 2001. (*Id.* at 2).

Defendants GPRS Holdings, LLC and Ground Penetrating Radar Services, LLC ("GPRS") are Georgia companies with their principal place of business in Georgia. (*Id.*). Plaintiff alleges Defendants use the marks "GPRS®" and "GROUND PENETRATING RADAR SERVICES" in connection with their businesses and that they have continued to use those marks despite repeated demands from Plaintiff that Defendants cease and desist using those marks. (*Id.*).

Plaintiff asserts claims against Defendants for federal trademark infringement, federal unfair competition, unfair competition in violation of Ohio law, and violation of the Ohio Deceptive Trade

Practices Act.  (*Id.* at 6-10).  Plaintiff seeks injunctive relief, compensatory and punitive damages, and attorney fees.  (*Id.* at 10-11).

Defendant GPRS Holdings moved to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(2), arguing it is not subject to personal jurisdiction in Ohio.  (Doc. No. 19).  Plaintiff filed a brief in opposition to the motion, (Doc. No. 20), and GPRS Holdings filed a brief in reply.  (Doc. No. 21).

After briefing was completed, Plaintiff filed a motion for leave to amend its complaint.  (Doc. No. 22).  GPRS Holdings opposed the motion.  (Doc. No. 23).  Defendant GPRS did not.  Plaintiff then filed a brief in reply.  (Doc. No. 24).

For the reasons stated below, I grant Plaintiff's motion for leave to amend in part and deny it in part, and I grant GPRS Holdings' motion to dismiss.

## II.  DISCUSSION

**A.  LEAVE TO AMEND**

Rule 15 provides a party may amend its pleadings once as a matter of course within 21 days of serving the pleading or, if a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are

critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Plaintiff seeks leave to amend to add as a party a new entity formed by the members of the Defendant LLCs – GPRS Utility Contractor LP ("GPRSUC") – and to include additional allegations about events post-dating the original complaint, including that Plaintiff was contacted by a company called Sunbelt Rentals in an attempt to collect $162,000 in unpaid invoices incurred by Defendant GPRS or GPRSUC. (*See* Doc. No. 22-1 at 8). As I noted above, Defendant GPRS did not oppose the motion for leave and I grant the motion as to that Defendant.

I deny the motion as to GPRS Holdings. I conclude it would be futile to grant Plaintiff's motion with respect to GPRS Holdings because, as I discuss below, nothing in the proposed amended complaint establishes GPRS Holdings is subject to personal jurisdiction in Ohio.

**B.     MOTION TO DISMISS**

Personal jurisdiction in a federal court exists over a nonresident defendant where (1) the law of the sitting state authorizes jurisdiction, and (2) exercising jurisdiction comports with the requirements of federal due process. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). "'Ohio's long-arm statute is not coterminous with federal constitutional limits.'" *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (quoting *Est. of Thompson ex rel. Est. of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008)). Thus, a court must engage in "'separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met'" before concluding it has personal jurisdiction over the nonresident party. *Est. of Thompson*, 545 F.3d at 361 (quoting *Walker v. Concoby*, 79 F. Supp. 2d 827, 831 (N.D. Ohio 1999)).

"'The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists.'" *Schneider*, 669 F.3d at 697 (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)). When, as here, a motion to dismiss for lack of personal jurisdiction is made without conducting an evidentiary hearing, "'the court must consider the pleadings and affidavits in a light most favorable to the [nonmoving party . . .].'" *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)) (alteration added by *Beydoun*).

To defeat the motion, the plaintiff must make a prima facie showing in support of jurisdiction. *Beydoun*, 768 F.3d at 504; *see also Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 504 (6th Cir. 2020) (The prima facie case "requires a plaintiff to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state to satisfy the relevant long-arm statute and the Due Process Clause.") (citations omitted).

GPRS Holdings first contends it is not subject to general personal jurisdiction in Ohio because it is a Georgia company with its principal place of business in that state as well. (*See* Doc. No. 19 at 5-6) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2017)). Plaintiff does not dispute this point. (*See* Doc. No. 20).

GPRS Holdings next argues it is not subject to specific personal jurisdiction in Ohio because it does not conduct any business in Ohio and its business involves the purchase and sale of commercial real estate in Georgia, Alabama, and South Carolina, rather than any radar-related work. (Doc. No. 19 at 2) (citing Doc. No. 19-1 at 2-3).

Ohio's long-arm statute, in pertinent part, permits a court to "exercise personal jurisdiction over a person . . . as to a cause of action arising from the person's:

(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;

4

> (3) Causing tortious injury by an act or omission in this state;
>
> (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
>
> . . . [or]
>
> (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state . . . ."

Ohio Rev. Code § 2307.382(A).

If the Ohio long-arm statute would permit the exercise of personal jurisdiction, a court must then consider whether a defendant has sufficient minimum contacts with Ohio, such that exercising jurisdiction would not violate due process. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998) (citations omitted). Courts must evaluate three criteria in making this due process determination:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

In response to a motion to dismiss for lack of personal jurisdiction, the plaintiff must make out a prima facie case for jurisdiction, which may be based upon the complaint allegations. *Malone*, 965 F.3d at 504 (citing *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Plaintiff alleges "Defendants do business in multiple states, including Ohio, [using] the infringing marks." (Doc. No. 1 at 2). Even when viewed in the light most favorable to Plaintiff, this allegation is thin. *See, e.g., Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001) (conclusory jurisdictional allegations are "constitutionally insufficient"). But, for the sake of argument, I will assume Plaintiff's jurisdictional allegation is enough to meet its prima facie burden.

5

At this point, "[t]he burden . . . shifts to the defendant, whose motion to dismiss must be properly supported with evidence." *Malone*, 965 F.3d at 504 (citation omitted). In support of its motion, GPRS Holdings offers an affidavit from Tara Butler, its Chief Administrative Officer. (Doc. No. 19-1). Butler avers "GPRS Holdings' business is entirely unrelated to the services offered by Plaintiff as stated in the Complaint . . . . GPRS Holdings opened in 2023 and its business involves acquisition and sale of commercial real estate in Georgia, Alabama, and South Carolina. GPRS Holdings does not perform any other work and does not engage in any other business activities." (*Id.*). Butler continues: "GPRS Holdings has no Ohio locations, performs no work in Ohio, and has never had locations in Ohio or performed any work in Ohio." (*Id.*).

Plaintiff argues that Butler's affidavit is insufficient because it does not "acknowledg[e] *key* facts that tend to give rise to its involvement here and, more importantly, the basis for jurisdiction being proper in this federal district." (Doc. No. 20 at 3) (emphasis in original). Plaintiff then makes three arguments.

The first is that the Defendant LLCs have the same members and Butler serves as the Chief Administrative Officer for both Defendants. (*Id.*). As Plaintiff notes, some courts in the Sixth Circuit have used "the alter-ego theory to exercise personal jurisdiction . . . to 'pierce the corporate veil' of the subsidiary and impute personal jurisdiction from the subsidiary to the parent." *Est. of Thomson*, 545 F.3d at 362 (citations omitted).

But the law does not suggest that the alter-ego theory applies simply because two companies share the same ownership and have overlapping employees. Rather, that theory requires a plaintiff to show that the two entities are "fundamentally indistinguishable." *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1086 (Ohio 1993). Moreover, courts must consider additional factors, including whether the entities are engaged in the "same business enterprise," and

6

"complet[e] the same jobs," and whether one entity exerts "control over the daily affairs of another [entity]." *Est. of Thomson*, 545 F.3d at 362-63.

None of those things are true here. Instead, Butler's affidavit establishes that GPRS Holdings and GPR Services offer "entirely unrelated" services. (Doc. No. 19-1 at 3). And Plaintiff offers no evidence that GPRS Holdings, formed in 2023, controls the daily affairs of GPR Services, which was formed in 2019. Plaintiff fails to show the overlap in ownership between the Defendants is a sufficient basis to pierce the veil and assert jurisdiction over GPRS Holdings based on jurisdictional facts applicable to GPR Services.

Plaintiff's second argument questions the legitimacy of GPRS Holdings' contention that it does not perform any radar services. Plaintiff asks why GPRS Holdings uses an acronym for "'ground penetrating radar services'" if it is "supposed[ly a] real estate acquisition business." (Doc. No. 20 at 3-4). But at this stage, Plaintiff has the burden to "set forth specific facts showing that the court has jurisdiction." *Malone*, 965 F.3d at 504 (citation and quotation marks omitted). And Plaintiff again offers no evidence to challenge the Butler affidavit on this point.[1]

Next, Plaintiff argues the Butler affidavit fails to acknowledge instances of actual confusion, such as when Plaintiff was contacted by a man named Jorge Pacheco after Pacheco's wife's vehicle was damaged by a "GPRS" sign that blew off a truck. (Doc. No. 20 at 4). Plaintiff contends the truck actually belongs to Defendant GPR Services but that GPR Services instructed Pacheco to file a claim through GPRS's website instead of GPR Services's website. (*Id.*); (*see also* Doc. No. 20-1 at 1-2). But Plaintiff again fails to offer evidence connecting either the truck or the subsequent communication to GPRS Holdings, rather than to GPR Services.

---

[1] Plaintiff's allegation in its proposed amended complaint that Defendants conduct business from an office in Hillsboro, Ohio is insufficient to meet its burden as well, as it is Plaintiff's burden to present facts, not merely allegations. (*See* Doc. No. 22-1 at 5).

7

Relatedly, Plaintiff argues GPRS Holdings is subject to jurisdiction in Ohio because it has willfully infringed Plaintiff's trademark for "GPRS." (Doc. No. 20 at 7-9). This argument is not persuasive because it rests upon the apparent assumption that the mere use of a protected mark constitutes infringement. The law instead requires that a plaintiff pursing an infringement claim show that the unauthorized use "creates a likelihood of confusion regarding the origin of the good or services offered by" the trademark holder and the alleged infringer. *Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 629 (6th Cir. 2002) (citing *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.,* 109 F.3d 275, 280 (6th Cir. 1997)). The Sixth Circuit has identified eight factors relevant to determining the likelihood of confusion. *See Therma-Scan*, 295 F.3d at 630 (citing *Daddy's Junky Music Stores*, 109 F.3d at 280). There are two particular factors that matter here: the relatedness of the goods and services offered by Plaintiff and GPRS Holdings and evidence of actual confusion. *Therma-Scan*, 295 F.3d at 630 (citation omitted).

Goods and services may be considered "'related' if the services are marketed and consumed such that buyers are likely to believe that the services, similarly marked, come from the same source, or are somehow connected with or sponsored by a common company." *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1109 (6th Cir. 1991). When the goods and services offered "are totally unrelated, confusion is unlikely." *Daddy's Junky Music Stores*, 109 F.3d at 282. The respective services here – underground utility detection and other radar-related services and real estate transactions – have minor overlap, at best. Plaintiff has not shown a prospective customer would be confused by the source of the parties' respective services.

The Sixth Circuit has stated that "[e]vidence of actual confusion is undoubtedly the best evidence of likelihood of confusion." *Daddy's Junky Music Stores*, 109 F.3d at 284 (citation and quotation marks omitted). But any evidence of actual confusion in this case involves Defendant GPRS, not GPRS Holdings. (*See* Doc. No. 20-1 at 5-11; Doc. No. 22-1 at 8).

Plaintiff's assertion that GPRS Holdings is subject to personal jurisdiction in this court because "the same owners and management will already be defending related claims in this jurisdiction," (Doc. No. 20 at 10), does not demonstrate GPRS Holdings engaged in infringement or took any other actions that would bring it within the jurisdiction of an Ohio court.  Moreover, Plaintiff fails to show there is any likelihood that discovery would uncover evidence connecting GPRS Holdings to this jurisdiction and, therefore, I deny its request to conduct jurisdictional discovery.  (*See id.* at 11-12).  And nothing in Plaintiff's proposed amended complaint, (Doc. No. 22-1), creates a basis for jurisdiction over GPRS Holdings.

I conclude Plaintiff has not met its burden to show GPRS Holdings is subject to personal jurisdiction under either Ohio's long-arm statute or the Due Process Clause of the Fourteenth Amendment and I grant the motion to dismiss.

### III.  CONCLUSION

For the reasons stated above, I grant the motion of Plaintiff Ground Penetrating Radar Systems to amend its complaint to the extent it offers new factual allegations against Defendant GPRS and adds a new Defendant, GPRSUC.  I deny the motion as with respect to Defendant GPRS Holdings.  Plaintiff shall file its amended complaint within 14 days.

Finally, I grant the motion of Defendant GPRS Holdings to dismiss the claims against it for lack of personal jurisdiction.  (Doc. No. 19).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

9